**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

MARIO DONSHEAU CHERRY, )
Petitioner, )
v. )
RICK WHITTEN, )
Respondent. )

Case No. CIV-20-677-PRW

**ORDER**

This case comes before the Court on U.S. Magistrate Judge Shon T. Erwin's Report and Recommendation (Dkt. 20), recommending that Petitioner's 28 U.S.C. § 2254 petition be dismissed, and Petitioner Mario Donsheau Cherry's Objection to Report and Recommendation (Dkt. 21). The Petition (Dkt. 1) raised four grounds for habeas relief: (1) that Petitioner's guilty plea was not knowing and voluntary; (2) that Petitioner was denied effective assistance of counsel in regards to trial counsel; (3) that Petitioner's sentence was excessive; and (4) that Petitioner was denied effective assistance of counsel in regards to appellate counsel.

In considering the Petition, Magistrate Judge Erwin applied the standards of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal habeas relief following a state court adjudication on the merits is appropriate only where that adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[1] This is a high bar, cleared only when the state court's application of federal law is objectively unreasonable.[2] Magistrate Judge Erwin's Report and Recommendation (Dkt. 20) reviewed the underlying proceedings before the trial court and the adjudications made by the Oklahoma Court of Criminal Appeals ("OCCA"). His report concluded by recommending that all of Petitioner's grounds should be denied, either because the state courts had reasonably applied governing federal law, or because the claims were procedurally barred. The Petitioner timely filed his Objection (Dkt. 21), which responds to the Report's conclusions on each ground. This Court will review these disputes in turn.

***Uninformed Plea***

Petitioner first contends that his guilty plea was not knowing and voluntary in violation of his Due Process rights under the Fourteenth Amendment.[3] As Magistrate Judge Erwin lays out, clearly established law in this area provides that "[t]he longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"[4] A voluntary plea requires that a defendant know the direct consequences of his decision,

---

[1] 28 U.S.C. § 2254(d).

[2] *See Owens v. Trammell*, 792 F.3d 1234, 1242 (10th Cir. 2015).

[3] *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

[4] *Hill v. Lockhard*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

especially the maximum possible sentence, though the record need not reflect an exhaustive enumeration of such consequences.[5]

Here, the OCCA first reviewed the record and found that Petitioner affirmed his understanding of the consequences of his guilty plea, including his remaining rights to appeal, before the trial court. Magistrate Judge Erwin reviewed these findings in turn and found that the OCCA had reasonably applied existing federal law to the facts before it, including the documents that Petitioner signed confirming his voluntariness and knowledge. Petitioner objects to this conclusion on the basis that he was never informed that his guilty plea would have the consequence of eliminating his right to directly appeal the sentence imposed, as distinct from his right to withdraw his plea and pursue a certiorari appeal before the OCCA.

From the record it appears that Petitioner acknowledged, both in writing and orally before the sentencing judge, his remaining rights to appeal. These notices explicitly informed Petitioner that if he wanted to pursue an appeal, he would need to do so through the processes prescribed in Rule 4.2 of the Rules of the Oklahoma Court of Criminal Appeals,[6] as indeed he soon did. For Petitioner's plea to be informed and voluntary, nothing more—e.g., explicit notice that Petitioner could *not* pursue an appeal by other methods—was required.[7] Having reviewed Magistrate Judge Erwin's analysis on this

---

[5] *See Stinson v. Turner*, 473 F.2d 913, 915–16 (10th Cir. 1973).

[6] *See also* Okla. Stat. tit. 22, § 1051.

[7] *See Stinson*, 473 F.2d at 915–16.

ground *de novo*, the Court agrees with his finding that the state courts reasonably applied governing federal law and that Petitioner's plea was knowing and voluntary.

***Trial Counsel Ineffective in Explaining Plea***

Petitioner next contends that his trial counsel rendered ineffective assistance by failing to explain his inability to directly appeal his sentence following the plea. Magistrate Judge Erwin found that Petitioner was procedurally barred from raising this issue because, by failing to raise it in several motions in his state appellate proceedings, the issue was waived. "When a state court dismisses a federal claim on the basis of noncompliance with adequate and independent state procedural rules, federal courts ordinarily consider such claims procedurally barred and refuse to consider them."[8] To overcome this hurdle, a Petitioner must either demonstrate good cause for, and actual prejudice from, the default, or show that a fundamental miscarriage of justice would result from this Court not considering the merits of the case.[9] Petitioner has not argued that he is actually innocent, a prerequisite to clear the miscarriage of justice bar,[10] so we turn to cause and prejudice.

In evaluating this claim, Magistrate Judge Erwin first confirmed the OCCA's finding that Petitioner had waived this ground by failing to raise it in earlier motions. The OCCA's finding of a waiver constitutes an independent and adequate ground justifying a procedural bar on federal habeas review.[11] Magistrate Judge Erwin next considered

---

[8] *Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012).

[9] *See id.*

[10] *See Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014).

[11] *See Thacker v. Workman*, 678 F.3d 820, 835 (10th Cir. 2012).

Petitioner's argument for cause and prejudice, namely his attorney's alleged "failures" and "incompetenc[e]." "To establish cause, the prisoner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'"[12] While a constitutional error which itself clears the bar of ineffective assistance of counsel can establish "cause" for a procedural default, general "attorney ignorance or inadvertence" cannot.[13] Magistrate Judge Erwin therefore found that Petitioner's conclusory assertion that his attorneys "failed to follow the rules" was insufficient to show good cause for the procedural default.

Petitioner objects to this finding by simply recharacterizing his attorney's conduct as "ineffectiveness" rather than "ignorance or inadvertence."[14] But while Petitioner highlights the complexities of moving through an appellate process, and protests that the burden for his counsel's alleged failings falls on him, he fails to provide any additional facts that would suggest that his attorney committed constitutional error by failing to preserve this dubious argument.[15] Having reviewed Magistrate Judge Erwin's analysis on this ground *de novo*, the Court agrees with his finding that Petitioner has failed to show good cause to overcome the procedural default, and therefore that this ground is barred from habeas review.

---

[12] *Shinn v. Ramirez*, 142 S. Ct. 1718, 1733 (2022) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

[13] *Id.*

[14] *See* Pet'rs' Objs. 3 (Dkt. 21).

[15] *See Strickland v. Washington*, 466 U.S. 668, 690 (1984).

***Excessive Sentence***

Next, Petitioner advances several arguments that his sentence was excessive. In the first of these arguments, Petitioner claims that the sentencing judge improperly enhanced his sentence by considering: (1) stale felonies; (2) felonies since reclassified by the legislature as misdemeanors; and (3) offenses committed by Petitioner as a juvenile. However, Petitioner did not raise this argument in his Petition for Certiorari to the OCCA, and the OCCA therefore concluded that the issue was waived and/or procedurally barred. As discussed above, to overcome this procedural default Petitioner must show either good cause and prejudice, or the risk of a fundamental miscarriage of justice. But as Magistrate Judge Erwin notes, the Petition offered no argument in support of either theory.

In his objections on this point, Petitioner "asserts the same cause and prejudice as in Ground Two."[16] However, there are no facts in the record to suggest that trial counsel's decision to advance the arguments actually made in the Petition for Certiorari—namely, that Petitioner's sentence "shocked the conscience"—rather than the arguments Petitioner now prefers, was constitutionally ineffective. If this choice could be considered a mistake at all, it surely falls far short of the kind of fundamental error needed to show cause. As above, the Court agrees with Magistrate Judge Erwin's finding that Petitioner has failed to show good cause to overcome the procedural default, and therefore that this issue is barred from habeas review.

[16] Pet'rs' Objs. 3 (Dkt. 21).

Petitioner's next excessive sentence theory relates to the sentencing judge's decision to run the sentences for some Counts consecutively. Petitioner argues that because all of the Counts stemmed from a single "criminal episode," the judge should have ordered all sentences to run concurrently. Petitioner never made this argument in any of his filings before the OCCA, and therefore the OCCA has not had a chance to find whether this argument, too, is procedurally barred. However, in circumstances where a claim is unexhausted in the state courts, the claim may nevertheless be subject to an anticipatory procedural bar that precludes it from habeas review.[17] Magistrate Judge Erwin found that Petitioner could have raised this argument in his prior filings; therefore, if Petitioner were to return to state court to exhaust the claim in another application for post-conviction relief, the OCCA would find the claim waived and procedurally barred. Accordingly, Magistrate Judge Erwin concluded that the anticipatory bar applies here.

Petitioner objects and asks that he be given a chance to exhaust this argument in state court. However, it is "beyond dispute" that the Oklahoma state courts would reject such an attempt as barred, and therefore that the anticipatory procedural bar forecloses this path.[18] Alternatively, Petitioner claims good cause and prejudice to overcome the procedural bar, "to wit: counsel should have raised the issues and Petitioner included this

[17] *See Grant v. Royal*, 886 F.3d 874, 901–02 (10th Cir. 2018); *Thacker*, 678 F.3d at 841.

[18] *See Cummings v. Sirmons*, 506 F.3d 1211, 1222–23 (10th Cir. 2007) ("Although the claim is technically exhausted, it is beyond dispute that, were Cummings to attempt to now present the claim to the Oklahoma state courts in a second application for post-conviction relief, it would be deemed procedurally barred.").

as part of his ineffectiveness claim on post-conviction generally."[19] For the reasons previously discussed, the Court agrees with Magistrate Judge Erwin's conclusion that Petitioner's counsel's alleged failings do not rise to the level of constitutional error needed to show good cause to overcome this anticipatory procedural bar.

Having reviewed Magistrate Judge Erwin's analysis on this ground *de novo*, the Court agrees that both prongs of Petitioner's argument on this ground are procedurally barred from habeas review.

***Ineffective Appellate Counsel***

Finally, Petitioner argues that his appellate counsel rendered ineffective assistance along two lines: (1) for failing to argue on certiorari appeal that trial counsel was ineffective for failing to advance his Excessive Sentence ground; and (2) for failing to argue on certiorari appeal his Trial Counsel Ineffective in Explaining Plea ground. Magistrate Judge Erwin recommended that the Court deny habeas relief under these arguments on the merits and as procedurally barred, respectively.

**Trial Counsel's Handling of Excessive Sentence**

Petitioner advanced the first argument regarding his appellate counsel's alleged ineffectiveness—i.e., that appellate counsel should have argued that trial counsel should have argued that Petitioner's sentence was excessive—to the OCCA in his Application for Post-Conviction Relief. The OCCA denied the claim under the second prong of *Strickland v. Washington*, finding that Petitioner failed to show that he suffered the requisite prejudice

[19] Pet'rs' Objs. 3 (Dkt. 21).

from his counsel's actions.[20] Our review of this determination is "doubly deferential" to both the state court and the decisions of counsel.[21] To determine if the OCCA's application of *Strickland* was reasonable in an ineffective assistance claim for failure to raise an issue, we first consider the merits of the omitted issue.[22]

As noted above, the substance of Petitioner's argument here is that his sentence was improperly enhanced through the application of (1) stale felonies; (2) felonies that have since been reclassified as misdemeanors; and (3) felonies committed when Petitioner was a juvenile. As the OCCA and Magistrate Judge Erwin noted, the Oklahoma laws that Petitioner was sentenced under allow for sentencing enhancements if: (1) a defendant was previously convicted of two or more felonies; and (2) the instant conviction occurred within ten years of the discharge date of the latest prior felony conviction.[23] Oklahoma law further provides that otherwise "stale" felonies may be "revived" for enhancement considerations if subsequent felony convictions occurred within the ten year post-discharge period.[24]

To that end, Petitioner's felony convictions in state cases CF-2006-3931—discharged in 2012, less than ten years prior to his 2018 conviction in the instant case—and CF-1999-5983—discharged in 2004, less than ten years prior to his 2007 conviction

---

[20] *See Strickland*, 466 U.S. at 687, 691–94.

[21] *See, e.g.*, *Hooks v. Workman*, 689 F.3d 1148, 1187 (10th Cir. 2012).

[22] *See Degeare v. Bear*, No. CIV-17-244-D, 2018 WL 1855967, at *8 (W.D. Okla. Apr. 18, 2018).

[23] *See* Okla. Stat. tit. 21, § 51.1(B)–(C); tit. 57, § 571; tit. 47, §§ 10-102, 11-905(B).

[24] *See* Okla. Stat. tit. 21, § 21-51.2; *Mansfield v. Champion*, 992 F.2d 1098, 1104 (10th Cir. 1993).

in CF-2006-3931—suffice to satisfy the statutory requirements for sentencing enhancement. Whether or not Petitioner was a juvenile when he committed the offense in state case CF-1993-1740, as he re-alleges in his Objection, is therefore moot.

Magistrate Judge Erwin's report did not evaluate Petitioner's argument that some of his prior felony convictions were for crimes that have since been reclassified as misdemeanors, for the simple reason that Petitioner failed to specify the relevant convictions in his Petition. Petitioner's Objection (Dkt. 21) corrects this deficiency, noting that certain felonies, including those at issue in CF-1999-5983 and CF-2006-3931, have, under certain circumstances, been rendered misdemeanors by operation of Oklahoma State Question 780.[25] Petitioner's Objection goes on to contend that the signing into law of Oklahoma Session Law HB 1269 made these changes retroactive. He therefore concludes that considering these convictions for sentencing enhancement violates due process.

Oklahoma state courts, including the OCCA, that have considered the retroactive effect of HB 1269 have concluded that "those already sentenced before the effect of these measures were to avail themselves of these changes by way of the Pardon and Parole Board, not Oklahoma's Post-Conviction Procedure Act."[26] It is not the place of this Court to

---

[25] *See* Pet'rs' Objs. 3–4 (Dkt. 21). State Question 780 was a ballot initiative, approved by voters in 2016, which amended various sections of the Oklahoma penal code to render certain nonviolent property and drug offenses misdemeanors.

[26] *See Brown v. Farris*, No. 21-5044, 2021 WL 4786411, at *1 (10th Cir. Oct. 14, 2021). Rather than making the State Question 780 emendations directly retroactive, HB 1269, signed into law in 2019, created processes for expungement or commutation of outstanding sentences.

second-guess a state court's interpretation of its own state law.[27] In addition, the Federal constitutional right to Due Process does not "require[] [that] amendments to state criminal statutes, including reductions in the maximum sentence, be applied retroactively."[28] Like Petitioner's arguments regarding stale and juvenile felonies, his reliance on State Question 780 and HB 1269 is without merit.

In sum, this Court finds, as Magistrate Judge Erwin did, that the OCCA's application of *Strickland* to the merits of this claim, and its conclusion that Petitioner failed to demonstrate prejudice, was reasonable.

**Trial Counsel's Handling of Uninformed Plea**

Petitioner's second argument under this ground is that his appellate counsel was ineffective for failing to argue, in the certiorari appeal, the Trial Counsel Ineffective in Explaining Plea ground discussed above. Petitioner did not raise this argument in his Application for Post-Conviction Relief, his first opportunity to challenge appellate counsel's effectiveness. Accordingly, as discussed above under the Excessive Sentence ground, this unexhausted claim is subject to an anticipatory procedural bar. Were Petitioner to bring a new request for relief in state court, the OCCA would find this claim to be waived. Petitioner's Objection "relies on arguments for cause and prejudice already presented" to support this argument.[29] For reasons already explained, those arguments are lacking.

---

[27] *Id.* at *3.

[28] *Id.*

[29] Pet'rs' Objs. 3 (Dkt. 21).

Having reviewed Magistrate Judge Erwin's analysis on this ground *de novo*, the Court agrees that both prongs of Petitioner's argument on this ground fail. The state court reasonably applied existing federal law to deny the Trial Counsel's Handling of Excessive Sentence argument, and the Trial Counsel's Handling of Uninformed Plea argument is anticipatorily barred for procedural default.

***Conclusion***

This Court has reviewed Magistrate Judge Erwin's analysis *de novo* and agrees with the findings therein. In addition, the Court has considered Petitioner's Objections (Dkt. 21) and finds them to be without merit. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation (Dkt. 20) and **DISMISSES** the Petition (Dkt. 1).[30]

**IT IS SO ORDERED** this 14th day of July 2023.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[30] Before a habeas petitioner may appeal the dismissal of a § 2254 petition, he must obtain a Certificate of Appealability ("COA"). *See Vreeland v. Zupan*, 906 F.3d 866, 875 (10th Cir. 2018) (citing 28 U.S.C. § 2253(c)(1)(A)). A COA may issue only upon "a substantial showing of the denial of a constitutional right." § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reasons could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite showing is not met in this case. Therefore, a COA is **DENIED**.